# EXHIBIT B

FILED
TARRANT COUNTY
4/5/2021 2:22 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 096-324481-21

| | | |
|---|---|---|
| MALLORY SMITH, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § § | |
| vs. | § § | TARRANT COUNTY, TEXAS |
| PATTERSON DENTAL SUPPLY, INC., | § § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

The plaintiff, Mallory Smith ("Plaintiff" or "Smith"), complains of Patterson Dental Supply, Inc. ("Defendant" or "Patterson Dental"), as follows:

1. Discovery in this action is intended to be conducted under Level 2 pursuant to TEX. CIV. P. 190.

2. Smith is a natural person and a resident of Dallas County, Texas.

3. Patterson Dental is a provider of products, technologies, services, and business solutions to the animal and oral health markets. Patterson Dental is a Minnesota corporation, operating at 405 S Nolen Drive, #100, Southlake, Texas 76092, and this action accrued in whole or in part at that place of business.

4. Patterson Dental may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Venue is proper in this district because this action accrued in whole or in part at Patterson Dental's place of business in Tarrant County, Texas, where Smith was subjected to unlawful employment practices. This is a proceeding for legal and equitable relief, and

Plaintiff's Original Petition and Jury Demand – Page 1

compensatory and punitive damages, to secure the rights of Smith under the laws of the State of Texas.

6. Jurisdiction is invoked pursuant to the Texas Commission on Human Rights Act of 1983 ("TCHRA"), as amended, Texas Labor Code §21.001 *et. seq.*

7. The matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

## STATEMENT OF FACTS

8. Smith commenced work at Patterson Dental in or around October 2017 as a salesperson. Smith performed successfully in her position and her direct manager, Brandy Ratliff ("Ratliff"), assured her that she was doing well in her position. Smith did not receive any disciplinary actions or a Performance Improvement Plan ("PIP") during her tenure at Patterson.

9. In or around October 2018, Smith advised Ratliff that she was pregnant. Ratliff told Smith to wait a few weeks to tell General Manager Steve Embry ("Embry"), because she was not sure how he would react. A couple of weeks later, Smith brought Embry a plan to make sure there would be coverage of her territory while she was on leave, and he approved the plan.

10. Two other female salespersons, Shayda Craddick ("Craddick") and Sara Smeal ("Smeal"), were also pregnant at the same time as Smith. Both Craddick and Smeal felt they were discriminated against due to their pregnancies. After Craddick announced her pregnancy, Embry required her to "re-interview" for her job and questioned her about whether she was serious about her job. After Smeal announced her pregnancy, she was put on a PIP, after

which she complained to Human Resources about unfair treatment. Both Craddick and Smeal resigned in or around March 2019 due to the ongoing pregnancy discrimination.

11. After Smith announced her pregnancy, she immediately began to feel like she was being treated differently by Ratliff and Embry. Smith was subjected to unusual scrutiny and Ratliff told her not to talk to Craddick and Smeal about anything, threatening her that if she did, then Ratliff would report her for "collusion." Smith was also not given the account support that was provided to non-pregnant salespersons.

12. Smith worked throughout her pregnancy and commenced leave on or about May 22, 2019. Smith became aware that while she was on leave, Ratliff was making comments to her co-workers to the effect that she would be in the "hot seat" when she returned and that they were preparing to terminate her. A male salesperson whose wife had a baby during the time Smith was pregnant, was not subject to the same differential treatment as Smith. Ratliff protected his accounts while he was on leave but failed to do the same for Smith while she was on leave.

13. Smith remained on maternity for approximately nine weeks, until late July 2019, and then she returned to work. Upon her return from leave, an account had been taken from Smith and she was having issues getting paid commissions she was owed. On September 17, 2019, Smith complained to Ratliff that due to the pay issues she was having, that she felt she was being treated differently and was being punished for going on maternity leave. Two days later, on September 19, 2019, Smith was terminated by Ratliff and Embry for alleged non-performance and "attitude."

## **TCHRA CLAIM**

14. Smith was pregnant during her employment with Patterson Dental, and she is a member of protected pregnancy group within the meaning of the TCHRA.

29. At all times material to this action, Patterson Dental employed at least fifteen (15) employees and is an employer within the meaning of the TCHRA.

    A.   Patterson Dental employs more than 100 employees;
    B.   Patterson Dental employs more than 200 employees;
    C.   Patterson Dental employs more than 500 employees.

30. All conditions precedent to the filing of this suit have been met:

    A.   On or about September 29, 2019, Smith timely filed a charge of discrimination with the Texas Workforce Commission ("TWC") alleging pregnancy and retaliation discrimination;

    B.   More than 180 days and less than 2 years have passed since the filing of the charge of discrimination.

31. During her employment, Smith opposed discriminatory and retaliatory conduct, that Smith had a good faith belief was discriminatory and/or retaliatory.

32. Smith alleges that Patterson Dental, through its employees and agents, including but not limited to Ratliff and Embry, engaged in a continuing pattern and course of discriminatory conduct against her because of her pregnancy and/or in retaliation for her opposition to discriminatory employment practices in violation of the TCHRA, and specifically:

    A.   Patterson Dental exhibited favor or preference for non-pregnant employees, in the terms, conditions, privileges, and benefits of employment, including in terminating her employment on September 19, 2019;

    B.   Patterson Dental retaliated against Smith for having opposed conduct which she had a good faith belief was discriminatory and/or retaliatory, by terminating her employment on September 19, 2019.

33. Patterson Dental engaged in the conduct described above with malice or reckless indifference to the TCHRA employment rights of its employees including Smith.

34. Smith has no plain or adequate remedy at law to correct the wrongs complained and thus institutes this suit for declaratory and injunctive relief.  Further, Smith is now suffering and will continue to suffer irreparable injury from Patterson Dental's willful policies, practices, customs and usages.

## RELIEF REQUESTED

35. Smith requests that this Court grant her monetary relief over $200,000 but less than $1,000,000 as follows:

    A. A declaratory judgment, declaring Patterson Dental's past practices herein complained of to be unlawful under the TCHRA;

    B. A permanent injunction, enjoining Patterson Dental from continuing to discriminate against her on account of pregnancy and/or opposition to the discriminatory employment practices of Patterson Dental in violation of the TCHRA;

    C. Damages for the discriminatory treatment, including all back pay, front pay, reinstatement, retroactive seniority, promotions to which Smith would otherwise have been entitled, and all other employee benefits including health, disability, pension and life insurance benefits to which Smith would otherwise have been entitled and any other relief necessary to compensate her under the TCHRA;

    D. Compensatory and punitive damages for the violation of rights under the TCHRA in the maximum amount prescribed by law;

    E. Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision;

    F. Attorney fees necessary for the prosecution of the TCHRA claims;

    G. Costs in this action, including expert witness fees;

    H. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

I. Such other general relief to which Smith is justly entitled.

## JURY DEMAND

36. Smith demands a jury on all TCHRA claims and specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,

/s/ Jane Legler
Jane Legler
Texas Bar No. 03565820
Christine Neill
Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3141d Street, Ste. 200
Dallas, Texas 75219
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

Attorneys for Plaintiff